UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

H-A-,

        Petitioner,

    v.

TAMMY MARICH, in her official
capacity as Acting Field Office Director,
Buffalo Field Office, Enforcement and
Removal Operations, U.S. Immigration &
Customs Enforcement, et al.,

        Respondents.
_____

**DECISION AND ORDER**

6:25-CV-6804-EAW

Petitioner H-A- ("Petitioner") is a civil immigration detainee alleging that that he is being detained in United States Immigration and Customs Enforcement ("ICE") custody pending removal proceedings in violation of the United States Constitution. (Dkt. 1). He seeks relief under 28 U.S.C. § 2241. (*Id*.). Petitioner is being held at the Buffalo Federal Detention Facility in Batavia, New York. (*Id.* at ¶ 1). Petitioner is a citizen of Afghanistan who unlawfully entered the country without admission or inspection and parole, but he was subsequently granted parole under 8 U.S.C. § 1182(d)(5)(A), but that parole expired over two years ago. (*See* Dkt. 14 at 2).

Petitioner also filed a motion to proceed under a pseudonym and to file exhibits under seal. (Dkt. 10). As set forth below, Petitioner's motion to proceed under a

pseudonym is granted, his motion to seal is granted in part and denied without prejudice in part, and the petition is granted to the extent Petitioner seeks a bond hearing.

I.   **Motion to Proceed by Pseudonym**

Rule 10 of the Federal Rules of Civil Procedure provides that "[t]he title of the complaint must name all the parties." Fed. R. Civ. P. 10(a). Permitting a party to be relieved from this requirement is an exception, and the party seeking that relief must adequately refute the presumption in favor of disclosure. *Rives v. SUNY Downstate Coll. of Med.*, No. 20-CV-621, 2020 WL 4481641, at *2 (E.D.N.Y. Aug. 4, 2020); *see also Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189-90 (2d Cir. 2008) (holding that Rule 10 "serves the vital purpose of facilitating public scrutiny of judicial proceedings" and "cannot be set aside lightly"); *Doe v. Weinstein*, 484 F. Supp. 3d 90, 93 (S.D.N.Y. 2020) ("The question for the district court is whether the plaintiff has a 'substantial privacy' interest that 'outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings.'" (quoting *Sealed Plaintiff*, 537 F.3d at 189)).

The Second Circuit has established a "non-exhaustive standard" that "balances 'the interests of both the public and the opposing party,'" to assess whether a party should be permitted to proceed under a pseudonym:

> (1) whether the litigation involves matters that are highly sensitive and [of a] personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the . . . party [seeking to proceed anonymously] or even more critically, to innocent non-parties; (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age; (5) whether the suit is challenging the actions of the government or that of private parties;

> (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity; (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Roe v. Does 1-11*, No. 20-CV-3788-MKB-SJB, 2020 WL 6152174, at *1-2 (E.D.N.Y. Oct. 14, 2020) (quoting *Sealed Plaintiff,* 537 F.3d at 189-90). "This inquiry 'does not require a district court to list each of the factors or use any particular formulation as long as it is clear that the court balanced the interests at stake in reaching its conclusion.'" *Doe v. Zheng*, No. 25-CV-03215 (NRM)(JRC), 2025 WL 2855375, at *2 (E.D.N.Y. Oct. 8, 2025) (quoting *Rapp v. Fowler*, 537 F. Supp. 3d 521, 527 (S.D.N.Y. 2021) (internal quotations omitted)).

The Court finds that the first factor, whether the litigation involves matters that are highly sensitive and of a personal nature, favors granting Petitioner's motion. Petitioner contends that due to his pending asylum claim, he reasonably fears that disclosure of the details of the case and public disclosure of his identity would present a danger to him and put him at risk if he is ultimately removed from the United States. At this stage of the proceedings, the Court concludes this factor supports the requested relief.

The second and third factors evaluate the risks that identification present and the likelihood of physical and mental harms if disclosure is required. Petitioner has credibly asserted a basis to conclude that there is a risk of physical harm if his identity were disclosed. *See K.U. v. Freden,* No. 25-CV-361-LJV, 2025 WL 1473974, at *3 (W.D.N.Y.

May 21, 2025) (granting motion to proceed anonymously where petitioner alleged that the information in his immigration proceedings put him "at risk of physical retaliation if forced to return to that country"). The Court concludes that these factors favor granting Petitioner's motion.

The fourth factor, age and vulnerability of the parties, weighs in favor of permitting Petitioner to proceed anonymously because Petitioner's potential persecution makes him "particularly vulnerable" to retaliation. *MM v. Mayorkas*, No. 24-CV-02090 (NSR), 2024 WL 1795766, at *2 (S.D.N.Y. Apr. 25, 2024) ("Courts have held asylum seekers are particularly vulnerable to retaliation if their names are revealed."). This factor accordingly weighs against disclosure.

The fifth factor, whether the suit is challenging the government or private parties, also weighs against disclosure. Petitioner is challenging the actions of the government rather than a private party, the government is aware of Petitioner's identity, and Respondents have not taken any position on the motion. *K.U.,* 2025 WL 1473974, at *3 ("Courts are more likely to allow a party to proceed under a pseudonym when the adverse party is a government entity because '[s]uits against the government 'involve no injury to the [g]overnment's reputation.'" (quoting *Doe v. Skyline Automobiles Inc.*, 375 F. Supp. 3d 401, 406 (S.D.N.Y. 2019))).

The sixth factor, whether either party is prejudiced by allowing Plaintiff to press claims anonymously and whether the nature of that prejudice differs at any particular stage of the litigation, is neutral at this time.

The seventh factor, whether Petitiioner's identity has been kept confidential until now, weighs in favor of granting the motion. Petitioner's identity was not publicly disclosed with the filing of the petition. This factor accordingly weighs in Petitioner's favor.

The eighth factor, whether the public's interest in the litigation is furthered by requiring Petitioner to disclose his identity, is weak where the primary matter before the Court is the constitutional question of whether Petitioner is entitled to a bond hearing. *K.U.*, 2025 WL 1473974, at *4 ("Finally, the public interest in knowing the details of K.U.'s identity is weak here, where the immediate dispute before this Court turns on the constitutional question of whether a detainee in his circumstances is entitled to a bond hearing."). The ninth factor also weighs against disclosure because the issues here are largely legal in nature. These factors support confidentiality.

Finally, whether there are alternative mechanisms for protecting Petitioner's identity, the Court finds that this factor is neutral at this stage of the proceedings as it presently appears to be the least restrictive appropriate remedy available to allow the litigation to proceed while offering Petitioner protection.

Taking all of this into consideration, the Court concludes that permitting Petitioner to proceed anonymously at this time is appropriate. But should issues arise during these proceedings that would warrant the Court's revisiting that decision, the matter may be revisited and the parties are free to raise it again for the Court's consideration. *Doe v. Epic Games, Inc.*, 435 F. Supp. 3d 1024, 1053 (N.D. Cal. 2020) ("The Court granted plaintiff's motion to proceed under a pseudonym when this case was in its infancy, before defendant's

counsel had appeared let alone responded to the complaint. Now that defendant's counsel has appeared and the parties have engaged in motion practice that provides additional insight into the case, the circumstances have changed materially. This is sufficient to warrant consideration of the motion to compel compliance with Rule 10(a) on the merits."). Accordingly, Petitioner's motion to proceed via a pseudonym is granted.

## II. Motion to Seal

Petitioner moves to seal several exhibits filed in support of his petition, specifically: (1) the Immigration Judge Order Denying H-A- Bond on December 16, 2025 (Dkt. 1-2); (2) the Notice to Appear issued by DHS to H-A- on December 8, 2023 (Dkt. 1-3); (3) the INA 212(d)(5) Parole Stamp issued by the U.S. Department of Homeland Security to H-A- on May 11, 2023 (Dkt. 1-4); and (4) the I-213 Form issued by the U.S. Department of Homeland Security to H- A- on December 2, 2025 (Dkt. 1-5). He also seeks to "redact all identifying and personal information of all other subsequent filings, orders, and opinions that implicate Petitioner's safety and privacy interests." (Dkt. 12).

"In considering a motion to seal, the court undertakes a three-part analysis. First, the court must determine whether the document is in fact a judicial document. . . . Second, once the Court finds that the document is a judicial document, the court must determine the weight of the presumption that attaches. . . . Third, once the Court has determined the weight to accord the presumption of public access, it must determine whether competing considerations outweigh the presumption." *Spectrum Dynamics Med. Ltd. v. Gen. Elec. Co.*, No. 18CV11386(VSB)(KHP), 2023 WL 7126251, at *1 (S.D.N.Y. Oct. 30, 2023) (quotations and citations omitted). To overcome the presumption of public access to

judicial documents, the Court must make "specific, on-the-record findings that sealing is necessary to preserve higher values" and any sealing order must be "narrowly tailored to achieve that aim." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006). As the movant, the burden is on Petitioner to demonstrate that sealing is warranted. *DiRussa v. Dean Witter Reynolds Inc.*, 121 F.3d 818, 826 (2d Cir. 1997) ("The burden of demonstrating that a document submitted to a court should be sealed rests on the party seeking such action.").

Even assuming the documents are judicial documents, the Court finds that the presumption of public access is overcome and grants Petitioner's motion to seal the exhibits to his petition that contain identifying information for the same reasons that he was permitted to proceed anonymously. *K.U.*, 2025 WL 1473974, at *5 (finding that petition was "unquestionably a judicial document" but that exhibits thereto were entitled to a lesser right of access).

In other words, Petitioner has met his burden of demonstrating with specific and particular facts that he risks physical harm if information reflecting his identity is disclosed. *J.M.H. v. Freden*, No. 24-CV-875-LJV, 2025 WL 81919, at *4 (W.D.N.Y. Jan. 13, 2025) (granting motion to seal asylum application materials where "the potential harm of disclosing J.M.H.'s identity—including the fact that it could cause her to be subject to persecution and harassment—outweighs the public's interest in disclosure under both the common law and First Amendment standards.").

Accordingly, the unredacted version of the petition and exhibits shall remain under seal.  <u>Petitioner is directed to file a redacted version of these documents that omits all personally identifiable information on or before February 17, 2026.</u>

However, Petitioner's request that he be granted leave to file future filings and court documents under seal is denied without prejudice.  Aside from his identity, which will remain confidential at this time, Petitioner must seek leave to file any future documents under seal contemporaneously with their filing.  His request for prospective relief is therefore denied without prejudice.

### III.   Bond Hearing

In his petition, Petitioner seeks a bond hearing.  The Court has issued written decisions in *Quituizaca Quituisaca v. Bondi,* No. 6:25-CV-6527-EAW, 2025 WL 3264440 (W.D.N.Y. Nov. 24, 2025), and *Lieogo v. Freden,* No. 6:25-CV-06615 EAW, 2025 WL 3290694 (W.D.N.Y. Nov. 26, 2025), finding that noncitizens who are present in the United States without having been admitted or paroled are not subject to mandatory detention under 8 U.S.C. § 1225(b)(2) but instead are subject to detention under section 1226.  Furthermore, the Court has issued written decisions in *Ivonin v. Rhoney*, No. 6:25-CV-06673 EAW, 2026 WL 199283 (W.D.N.Y. Jan. 26, 2026), and *Ab-Rahim v. Marich*, 6:26-CV-6005 EAW, Dkt. 15 (Feb. 3, 2026), finding that where a petitioner is paroled into the country and that parole expires, and the subsequent re-arrest is *not* a continuation of the initial border encounter, but an independent decision to detain the individual after the expiration of his parole, the detention pursuant to that re-arrest arises under § 1226.  The Court has rejected the distinction like the one Respondents try to draw in this case, between

a petitioner who arrives at a port of entry and is paroled, and one who comes into the country unlawfully, is apprehended shortly after entry, and is paroled.

Accordingly, for the same reasons the Court has previously articulated in the aforementioned decisions, the petition is granted to the extent that Petitioner seeks a bond hearing, and a bond hearing shall be conducted in accordance with the following terms:

1. Petitioner shall be granted a bond hearing before an immigration judge ("IJ") <u>on or before February 10, 2026</u>. If Petitioner requests a continuance that results in a bond hearing date outside this deadline, such a continuance will comply with this Order as long as the new date falls within a reasonable time period.

2. After considering the balancing test set forth in *Mathews v. Eldridge*, 424 U.S. 319 (1976), the Court concludes that the government shall have the burden to demonstrate dangerousness or flight risk by clear and convincing evidence. *See Lieogo v. Freden*, No. 6:25-CV-06615 EAW, 2025 WL 3290694, at *4-6 (W.D.N.Y. Nov. 26, 2025). In deciding whether the government has met its burden of proof, the IJ must consider whether less-restrictive alternatives to detention can reasonably address the government's interest in Petitioner's continued detention.

3. If the IJ finds that the government has not met its burden, then in setting any bond the IJ must consider Petitioner's ability to pay and alternative conditions of release.

4. Thus, in order to continue Petitioner's detention after any bond hearing, the IJ must find by clear and convincing evidence and make findings that no condition or combination of conditions of release can reasonably ensure Petitioner's appearance and the

safety of the community—that is, even with conditions, Petitioner presents an identified and articulable risk of flight or a threat to another person or the community.

     5.    Respondents are directed to file a status update with the Court <u>on or before February 12, 2026</u>.

     SO ORDERED.

                                                    ELIZABETH A. WOLFORD  
                                                    Chief Judge  
                                                    United States District Court

Dated:       February 3, 2026  
               Rochester, New York